IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| KODY K. BURNETT, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| VS. | : | |
| | : | NO. 3:23-cv-50-TES-CHW |
| WARDEN, Hancock State Prison,[1] | : | |
| | : | PROCEEDINGS UNDER 28 U.S.C. § 2254 |
| Respondent. | : | BEFORE THE U.S. MAGISTRATE JUDGE |

# ORDER

Petitioner Kody K. Burnett, a prisoner in Hancock State Prison in Sparta, Georgia, filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. ECF No. 1. Petitioner challenges his July 21, 2021 conviction in the Superior Court of Madison County. *Id*. at 1. He has also moved to proceed *in forma pauperis*. He has not, however, included a signed "certificate from the warden or other appropriate officer . . . showing the amount of money . . . that [he] has in any account in the institution." *See* Rule 3 of the Rules Governing Section 2254 cases in the United States District Courts.

---

[1] Plaintiff listed Sheriff Michael J. Moore as the Respondent in this action. ECF No. 1 at 1. He was incarcerated in the Madison County Jail at some point in time. *See Burnett v. Moore*, 3:22-cv-99-CAR-CHW (M.D. Ga. Oct. 13, 2022). He is currently confined in Hancock State Prison. ECF No. 1-1. Thus, the correct Respondent is the warden of that prison. *See* Rule 2 of the Rules Governing Section 2254 cases in the United States District Courts. The Clerk of Court is, therefore, **DIRECTED** to make this change on CM-ECF.

1

Petitioner states that he appealed to the "Madison County Court" and that he filed a petition for certiorari in the United States Supreme Court in *Burnett v. Moore*, 3:22-cv-99-CAR-CHW (M.D. Ga. Oct. 13, 2022). ECF No. 1 at 2. First, the "Madison County Court" is not a state appellate court. Second, the petition he filed in this District Court in *Burnett v. Moore*, 3:22-cv-99-CAR-CHW (M.D. Ga. Oct. 13, 2022) was not a petition for certiorari filed in the United States Supreme Court. Instead, it was a 28 U.S.C. § 2254 petition that this Court dismissed due to Petitioner's failure to follow the Court's instructions. *Burnett v. Moore*, 3:22-cv-99-CAR-CHW (M.D. Ga. Feb. 3, 2023).

Given this record, it does not appear that Plaintiff has exhausted available state remedies. A state prisoner must fully exhaust his state remedies before pursuing federal habeas corpus relief. Exhaustion requires that the prisoner give the state's highest court a chance to rule on all claims. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999). If Petitioner has not exhausted his state remedies, his § 2254 petition is subject to immediate dismissal. Thus, Petitioner must supplement his petition by clarifying if he has, in fact, appealed his conviction or sentence or filed any other petitions, motions, or applications for habeas or collateral relief in the state appellate courts. If he has done so, Petitioner must tell the Court in what state court he filed these appeals or collateral actions and the outcomes. If Petitioner has not exhausted his state remedies, he may move to dismiss his current § 2254 petition and file a § 2254 petition after he has fully exhausted.

In conclusion, Petitioner is **ORDERED** to supplement his motion to proceed *in forma pauperis* by filing a signed "certificate from the warden or other appropriate officer

. . . showing the amount of money . . . that [he] has in any account in the institution." Rule 3 of the Rules Governing Section 2254 cases in the United States District Courts. He is also **ORDERED** to supplement his petition with information regarding any efforts he has made to exhaust available state remedies and the results of such efforts.

Petitioner shall have **FOURTEEN (14) DAYS** to comply with this Order and his failure to do so or to follow the Court's instructions will result in the dismissal of this action.

The Clerk of Court is **DIRECTED** to forward the appropriate financial forms (with the civil action number written on them) to Petitioner along with a copy of this Order.

**SO ORDERED and DIRECTED**, this 1st day of May, 2023.

        s/ Charles H. Weigle
        Charles H. Weigle
        United States Magistrate Judge